HARRELL v. STATE, 39 Miss. R., 702.

### HOMICIDE.

In order to fix the guilt of a party charged as accessory after the fact, it is essential that the alleged felony should be complete. Until such felony has been consummated, any aid or assistance rendered to a party in order to enable him to escape the consequences of his crime, will not make the person affording such assistance guilty as an accessory after the fact. 1 Hale, 622; 2 Hawk., ch. 29, § 35; 4 Black. Com., 38; 3 Greenl. Ev., § 47; Rosc. Cr. Ev., 219, 220.

The crime of murder is not complete until the death occurs.

Error to Rankin circuit court. WATTS, J.

*Mayers & Lowry* and *W. B. Shelby*, for plaintiff in error.

The court erred in refusing defendant's instructions, and modifying them to the effect that the jury could find the defendant guilty, if he aided Richard Harrell before Telfair Harrell died, if he was "in a dying condition" when Richard left.

As William Harrell was indicted for being accessory after the fact, of the murder of Telfair Harrell, William Harrell could not be legally convicted, unless the murder was complete at the time he aided and assisted Richard in escaping.

Had the indictment charged William Harrell with having aided Richard in escaping after he had committed the felony of stabbing Telfair Harrell, with intent to kill, the conviction would have been proper. Such stabbing is felony. Rev. Code, 575, art. 18. The offense must be completed by the principal before there can be an accessory after the fact. "If one wounds another mortally, and, after the wound given, but before death ensues, a person assists or receives the delinquent, this does not make him accessory to the homicide, for till death ensues there is no felony committed." 4 Black. Com., 38; 2 Hawk., 320; 3 Greenl. Ev., 47; Chitty Cr. Law, 264; 1 Hale, 618.

*T. J. Wharton*, attorney general,
Cited 1 Bishop Cr. Law, 2d ed., 489.

SMITH, C. J.:

This was a conviction in the circuit court of Rankin county, under the statute defining the crime of being an accessory after

the fact, and prescribing the punishment therefor. Rev. Code, 573, § 2, art. 3.

The exceptions to the judgment are based upon errors alleged to have been committed by the court, in charging the jury.

The indictment under which the plaintiff in error was tried, alleged, first, that one Richard Harrell had (setting out the circumstances of the transaction) feloniously, wilfully and with malice aforethought, "killed and murdered" one Telfair Harrell; and, secondly, that the plaintiff in error, well knowing the said Richard Harrell "had done and committed the said felony and murder in form aforesaid," had afterwards aided and assisted said Richard, with the intention to enable him to escape and evade arrest, &c.

The evidence adduced on the trial rendered it highly probable, if not certain, that the aid and assistance which were proved to have been given by the plaintiff in error, with the intent to enable Richard Harrell to effect his escape, were, in point of fact, given after the mortal blow was dealt, but before the death of the party whose life had been assailed; but which occurred within a very short time thereafter.

Upon this state of evidence the court, at the instance of the prosecuting attorney, charged that "if the jury believed from the evidence that, after Richard Harrell had inflicted a mortal wound on Telfair Harrell, and when said Telfair Harrell was in a dying condition, the defendant aided and assisted the said Richard to escape, by furnishing him with a horse and money, and sending him away, knowing that said Richard had so wounded the said Telfair Harrell, and with a view to enable him to avoid arrest, they should find the defendant guilty.

And refused to charge, at the instance of the defendant, that if the jury believe, from the evidence, that William Harrell helped the said Richard off before the said Telfair died, they should find the defendant not guilty.

It is clear that the felony charged in the indictment to have been committed by the said Richard Harrell was the murder of Telfair Harrell, and not an assault and battery upon him, with intent to commit murder. It is, therefore, certain that until Telfair Harrell died, the felony alleged in the indictment, and in

respect to which the plaintiff in error was charged as accessory after the fact, was not consummated.

In order to fix the guilt of a party charged as accessory after the fact, it is essential that the alleged felony should be complete. Until such felony has been consummated, any aid or assistance rendered to a party, in order to enable him to escape the consequences of his crime, will not make the person affording such assistance guilty as an accessory after the fact. This is the rule recognized, without exception, by all the authorities.* 1 Hale, 622; 2 Hawkins, ch. 29, § 35; 4 Black. Com., 38; 3 Greenleaf Ev., 47; Roscoe's Crim. Ev., 219, 220.

It is clear, therefore, that the court erred in giving the instruction requested in behalf of the prosecution, and in refusing that asked for by the defense.

As we reverse for this error, we deem it unnecessary to notice another exception taken to the ruling of the court.

Judgment reversed, and cause remanded for new trial.

* 1 Chitty Cr. Law, 264; 1 Archbold Cr. Pr. & Pl., 17, note (2), by Waterman; Wharton Am. Cr. Law, 147; 1 Russell on Crimes, 37; 1 Bishop Cr. Law, 632; Wharton on Homicide, 166.